UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ira Anderson,

Plaintiff,

USDC Case No. _19- 10747_

-vs-

State Court Case No. 18-010364-NI
Judge David A. Groner

John Doe, Slyped Services, Inc.,
a foreign corporation, and
Cubacol Transport, LLC,
a limited liability company,

Defendants.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Slyped Services, Inc., hereby

removes this action from the Wayne County Circuit Court (Third Circuit), State

of Michigan, where it is currently pending, to the United States District Court for

the Eastern District of Michigan, Southern Division.

In support of its Notice of Removal, Slyped Services, Inc. states:

### PROCEDURAL STATUS OF THE CASE

1.     On August 21, 2018, Ira Anderson commenced this action by filing a

Complaint in the 3rd Circuit Court, Wayne County, Michigan.  The lawsuit was

assigned case number 18-010364-NI.

2.     The 3rd Circuit Court, Wayne County, Michigan, issued its summons

on August 21, 2018.

3.      When the lawsuit was originally filed in the Wayne County Circuit Court the defendants were John Doe and Slyped Services, Inc., a foreign corporation.

4.      The Summons and Complaint were served upon Slyped Services, Inc. on or about November 14, 2018.

5.      In Ira Anderson's Complaint, a copy of which is attached as **Exhibit A**, Mr. Anderson alleges he sustained personal injuries on May 2, 2017 when a motor vehicle he was driving collided with a blue 2009 Freightliner Cascadia Tractor Truck bearing Vehicle Identification No. 1FUJGLCK29LAE2140 and Vehicle Registration No. AA31DC owned by Slyped Services, Inc. (Anderson Complaint, ¶¶ 8, 9 and 19).

6.      John Doe was allegedly an employee of Slyped Services, Inc. (Anderson Complaint, ¶ 3).

7.      The stated amount in controversy, exclusive of interest and costs, is in excess of $25,000.00.

8.      On February 5, 2019, Ira Anderson filed a First Amended Complaint with the Wayne County Circuit Court, **Exhibit B**.

9.      On February 8, 2019, Slyped Services, Inc. filed with the Wayne County Circuit Court its Answer to Plaintiff's First Amended Complaint.

10.    On February 8, 2019, Slyped Services, Inc. served Interrogatories and Requests to Admit upon Ira Anderson's attorney seeking to ascertain whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  The relevant discovery requests and Ira Anderson's answers are as follows:

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:  Yes.

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:  Yes.

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:  Plaintiff has suffered injuries which include but are not limited to his back, hips and legs, pain, suffering, mental anguish, anxiety and other non-economic damages.

### Request to Admit No. 1.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

Response:  Plaintiff objects to this request as it improperly addresses plaintiff, Mr. Anderson, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff admits.

## Request to Admit No. 2.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

Response: Plaintiff objects to this request as it improperly addresses plaintiff, Mr. Anderson, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff denies.

A copy of Ira Anderson's Amended Answers and Responses to Slyped Services, Inc.'s Interrogatories and Requests to Admit are attached as **Exhibit C.**

11.     Ira Anderson's Amended Answers and Responses to the Requests to Admit were served upon Slyped Service's attorney on February 22, 2019.

12.     28 U.S.C. § 1446(b)(3) provides as follows:

(3) Except as provided in subsection (c) if the case stated by the initial pleading is not removable a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## PROPRIETY OF REMOVAL

13.     This Notice of Removal is timely because it is filed within 30 days after Slyped Services, Inc.'s receipt of a paper (answers to interrogatories and responses to requests to admit) from which Slyped Services, Inc. could ascertain that this case is one which is removable based upon the parties' diversity of citizenship and the requisite amount in controversy.

14.     This matter is properly removable under 28 U.S.C. § 1441(b).

15.     This Court has original jurisdiction of this action pursuant to 28 USC § 1332.  Ira Anderson is a citizen and resident of Detroit, Wayne County, Michigan (Anderson Complaint, ¶ 1).    Slyped Services, Inc. is a foreign corporation (Anderson Complaint, ¶ 4). Slyped Services, Inc. was incorporated in the State of Florida and its principal place of business was located in Doral, Florida. (see Affidavit of Pedro Puentes attached as **Exhibit D**). Slyped Services, Inc. was voluntarily dissolved on November 20, 2018 (Affidavit of Pedro Puentes).

16.     "Generally speaking, the capacity of a corporation to sue and be sued in a federal court is determined by the law under which it was organized. Fed. R. Civ. P. 17(b)." *Cardinal Casualty Co. v. International Fibers*, 1994 U. S. Dist. LEXIS 10494 (E. D. Mi., 1994) (Cook, J.) When a corporation is dissolved in Florida, it "continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs." Fla. Stat. 607.1405. In *Cardinal Casualty Co.*, *supra*, Judge Cook analyzed the citizenship of a dissolved corporation for diversity purposes,

> Significant case law supports a finding that International Fibers is an Ohio resident. In *Ripalda v. American Operations Corp.*, 298 U.S. App. D.C. 189, 977 F.2d 1464 (D.C. Cir. 1992), the District of Columbia Circuit Court of Appeals addressed the issue of whether a state statute which extends the life of a dissolved corporation for the purpose of being sued also preserves the corporation as a citizen of its state of incorporation for the purpose of *determining* diversity of citizenship. After stating that a court should look to the state law in order to decide this issue, the *Rapidly* court found that the corporation continued to be a resident of Delaware:

> To hold that its Delaware citizenship did not likewise persist through that time for the purpose of establishing diversity jurisdiction would frustrate that State's purpose of facilitation the resolution of claims by and against the corporation and would serve no federal interest. No other federal court before the decision here under review has thought otherwise.

*Id.* at 1468. Several other cases have rendered similar holdings, including Illinois Central Gulf R. v. Arbox Three Corporation, 700 F. Supp. 389 (N.D. Ill. 1988) (dissolved Delaware corporation continues as Delaware citizen for purpose of diversity); *Scholnick v. Schatz,* 708 F. Supp. 57, 58 (S.D.N.Y. 1989) (same pursuant to New York statute); Products Engineering Co. v. OKC Corp., 590 F. Supp. 547, 551 (E.D. La. 1984) (rev'd on other grounds); and *Vincent v. De Maria Porsche-Audi, Inc.,* 532 F. Supp. 1035, 1038-39 (S.D. Fla. 1982) (same pursuant to Florida statute).

Id. at 9 – 11. Therefore, Slyped Services, Inc., a dissolved Florida corporation, would remain a citizen of Florida for diversity purposes.

17.    Cubacol Transport, LLC is a foreign limited liability company. (Anderson's First Amended Complaint, ¶ 5). According to the Florida Secretary of State, Cubacol Transport, LLC is organized in the State of Florida with its principal place of business located in Doral, Florida. (see documents filed with and obtained from the Florida Secretary of State attached as **Exhibit E**). The members of Cubacol Transport, LLC are identified as Francy Fishcer and Daniel Perez. Francy Fishcer and Daniel Perez are citizens and residents of Doral, Florida.

18.    On March 12, 2019 Slyped Services, Inc.'s attorney reviewed the process and pleadings on file in this case with the Wayne County Circuit Court.

time, there were no proofs of service filed with the Wayne County Circuit Court indicating that either John Doe or Cubacol Transport, LLC have been served with a Summons and Complaint in this lawsuit. Furthermore, Slyped Services, Inc.'s attorney contacted Ira Anderson's attorney on March 12, 2019 and confirmed that John Doe or Cubacol Transport, LLC have not been served with a Summons and a copy of Anderson's First Amended Complaint.

19. "Where there is more than one defendant, the 'rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.'" *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999), cert. denied, 528 U.S. 1076, 120 S. Ct. 790, 145 L. Ed. 2d 667 (2000)); *see also Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003)." However, an exception from the "rule of unanimity" exists where the non-joining defendants have not been served with service of process at the time the removal petition is filed. *Hicks*, 254 F. Supp. 2d at 973 n.4. *see also*, *Underwood v. Ciena Health Care Management*, 2008 U.S. Dist. LEXIS 31576; 2008 WL 1776961 (E. D. Mi. 2008) and *Ford v. Associated Electric Cooperative, Inc.*, 2017 U. S. Dist. LEXIS 196477; 2017 WL 5903969 (E. D. Mo., 2017)("It is well-recognized that obtaining the consent of an unserved defendant is not required to

effectuate removal to federal court.") *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005).

20.     Ira Anderson is citizen of the state of Michigan and Slyped Services, Inc. is a citizen of Florida.   Therefore, there is diversity of citizenship.   Ira Anderson claims and is seeking damages, exclusive of interest or costs, in excess of $75,000.00.    Therefore, the amount in controversy exceeds the required jurisdictional amount.

21.     Pursuant to 28 U.S.C. § 1446(a), Slyped Services, Inc. has attached hereto as **Exhibit** F copies of all process, pleadings and orders served upon  Slyped Services, Inc. in this matter.

22.     Pursuant to 28 U.S.C. § 1446(a) and (d), Slyped Services, Inc. will file a copy of this Notice of Removal with the 3rd Circuit Court, Wayne County, Michigan; will provide prompt notice to all parties; and will file a proof of service of all notices and filings with the Clerk of the United States District Court for the Eastern District of Michigan.

23.     This action is removable to this Court pursuant to U.S.C. §§ 1441 and 1446 because it is within this Court's diversity jurisdiction.

## REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

24.    If Ira Anderson contests this removal, Slyped Services, Inc. requests:

A.    A hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter.

B.    The opportunity to present evidence demonstrating the existence of diversity jurisdiction and the propriety of removal; and

C.    Leave to conduct limited discovery related to those issues.

WHEREFORE, Slyped Services, Inc. removes the above captioned action from the 3rd Circuit Court, Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

FOSTER SWIFT COLLINS & SMITH PC

By: /s/Dirk H. Beckwith
　　Dirk H. Beckwith (P35609)
　　Attorneys for Slyped Services, Inc.
　　28411 Northwestern Highway, Suite 500
　　Southfield, Michigan 48034
　　248.539.9918
　　dbeckwith@fosterswift.com

Dated:  March 12, 2019

## LIST OF EXHIBITS

A.  Complaint and Demand for Jury Trial

B.  First Amended Complaint by Right and Reliance on Demand for Jury Trial Heretofore Filed

C.  Plaintiff's Amended Answers and Responses to Slyped Services, Inc.'s Interrogatories and Requests to Admit to Ira Anderson

D.  Affidavit of Pedro Puentes

E.  Documents filed with the Florida Secretary of State

F.  All documents filed with the Wayne County Circuit Court in its case number 18-010364-NI

Document received by the MI Wayne 3rd Circuit Court

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

      Plaintiff,

v.

JOHN DOE, and SLYPED SERVICES, INC.,
A Foreign Profit Corporation,

      Defendants.

_____ /

CASE NO. 18-    -NI
HON.

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Rothstein Law Group, PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248)355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

_____ /

There is no other pending or resolved civil action arising out of the same
transaction or occurrence as alleged in this Complaint.

/s/ Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys,
ROTHSTEIN LAW GROUP PLC, and in support of his Complaint against the Defendants,
shows unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff, IRA ANDERSON, was at all times relevant herein, a resident of
the City of Detroit, County of Wayne, State of Michigan.

2. That on or about May 2, 2017, Plaintiff, IRA ANDERSON, was involved in a motor vehicle accident in the City of Detroit, County of Wayne, State of Michigan.

3. That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was an employee of Defendant, SLYPED SERVICES, INC, (hereinafter referred to as SLYPED).

4. That based upon information and belief, Defendant, SLYPED, was at all relevant times hereto, a Foreign Profit Corporation, conducting a regular portion of its business in the County of Wayne, State of Michigan, and JOHN DOE was the operator of the truck owned by Defendant, SLYPED.

5. That based upon information and belief, Defendant, SLYPED's resident agent is Puentes Pedro located at 4630 NW 102 ND Avenue, Apt 106, City of Doral, State of Florida.

6. That the amount in controversy herein exceeds the sum of Twenty Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

### COUNT I – NEGLIGENCE BY DEFENDANT JOHN DOE

7. Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 6 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

8. That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was the operator of a motor vehicle, identified as a Blue 2009 Freightliner Cascadia Tractor Truck bearing a Vehicle Identification No. 1FUJGLCK29LAE2140 and Vehicle Registration No. AA31DC (hereinafter sometimes referred to as "Defendant's vehicle") and was responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

2

9.    On or about May 2, 2017, Plaintiff was the driver of a motor vehicle identified as a 2007 White Pontiac Grand Prix, bearing a Vehicle Identification No.2G2WP552471205479 and Vehicle Registration No. BTT6851 (hereinafter sometimes referred to as "Plaintiff's vehicle"), and while traveling on Schaefer Road at or near the intersection of Schaefer Road and Fort Street, Defendant, JOHN DOE, suddenly attempted to make a left turn from the right lane and collided with Plaintiff's vehicle, dragging it to the left, causing a motor vehicle accident.

10.    That at all times relevant and material hereto, it was the duty of the Defendant to operate Defendant's vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the laws   of   the State of Michigan and all subdivisions thereof having jurisdiction.

11.    That contrary to the duties set forth above and below, the Defendant, JOHN DOE, was negligent, careless, reckless, and/or guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, including, by way of illustration and not limitation:

a.    Failing to operate Defendant's vehicle in a reasonably careful and prudent manner, and failing to keep Defendant's vehicle under control so as to avoid a collision with another vehicle;

b.    Failing to operate Defendant's vehicle at a speed which was reasonable and proper and within consideration for the then-existing conditions;

c.    Operating a vehicle at an excessive speed in violation of statutes and ordinances having jurisdiction;

3

    d.      Driving Defendant's vehicle carelessly and heedlessly in willful disregard for the safety of others, without due caution and circumspection, so as to endanger persons and property;

    e.      Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid a motor vehicle collision;

    f.      Failing to stop within the assured clear distance ahead;

    g.      Failing to yield the right of way to Plaintiff's vehicle;

    h.      Operating a motor vehicle while distracted;

    i.      Failing to stay in the proper lane of traveling;

    j.      Committing other acts and/or omissions which constitute breaches of duties owed to Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

12.     That in the happening of the aforesaid accident, Plaintiff was not negligent, but was at all times conducting himself in a reasonable and prudent manner.

13.     That as a direct and proximate result of the aforementioned breaches of duties and the negligence of the Defendant, the Defendant caused a motor vehicle collision of great force and impact, causing Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements.

14.     That as a direct and proximate result of the aforementioned negligence and breaches of duties of the Defendant, Plaintiff, IRA ANDERSON, was made to suffer serious and disabling injuries; including but not limited to injuries to his back, hip(s), and leg(s), as well as

other serious and disabling injuries, and aggravation of injuries the complete nature and extent of which is not completely known at this time.

15.     That as a direct result of the aforementioned collision, Plaintiff suffered, continues to suffer, and will likely in the future continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

16.     That prior to the accident, Plaintiff was in reasonably good health and was able to and did participate in and enjoy the usual activities of life, but since said accident, Plaintiff has been under medical and in a state of pain, stress and discomfort, all preventing him from engaging in many of those activities he engaged in prior to the accident.

17.     That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention and will likely require extensive medical treatment in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant, JOHN DOE, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II – OWNERS LIABILITY (Against SLYPED)

18.     Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 17 of the Allegations of this Complaint and with the same force and effect as if same were set forth in full hereunder, and further states:

19.     That at all times relevant hereto, the vehicle being driven by JOHN DOE was owned/co-owned and/or leased/co-leased by Defendant, SLYPED.

5

20.    That at all times relevant hereto, the vehicle being driven by JOHN DOE was being operated with the express and/or implied consent and knowledge of Defendant-owner/co-owner and/or lessee/co-lessee, SLYPED.

21.    That Defendant, SLYPED, is responsible for all damages sustained by the Plaintiff in this matter as hereinbefore or hereinafter alleged which were caused as a result of the negligent operation of the said motor vehicle by JOHN DOE pursuant to MCLA 257.401 et. seq., as amended, and other applicable statutes and the common law of the State of Michigan governing owner's liability for the negligent operation of motor vehicles.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant judgment in favor of the Plaintiff against the Defendant, SLYPED, for whatever amount to which Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT III: RESPONDEAT SUPERIOR AS TO DEFENDANT SLYPED

22.    Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 21 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

23.    That on or about May 2, 2017, Defendant, JOHN DOE, was a driver, employee, and otherwise an agent of Defendant, SLYPED.

24.    That on or about May 2, 2017, Defendant, SLYPED knew or should have known that the Defendant, JOHN DOE, was acting within the scope of his employment at SLYPED.

25.    That on or about May 2, 2017, and at the time of the aforesaid accident Defendant, JOHN DOE, was acting in the course of his employment for Defendant, SLYPED, and during the course of his regular duties for said Defendant.

6

26.     That Defendant, SLYPED, is liable for the negligence of Defendant, JOHN DOE, its truck driver, employee and/or agent, pursuant to the Doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendant in whatever amount this Honorable Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

## COUNT IV: NEGLIGENT TRAINING, SUPERVISION, and HIRING AS TO DEFENDANT, SLYPED

27.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 26 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

28.     That on or about May 2, 2017, Defendant, SLYPED was the employer of Defendant, JOHN DOE.

29.     That on or about May 2, 2017, Defendant, SLYPED, was responsible for hiring, supervising, instructing and employing truck drivers, more specifically Defendant, JOHN DOE, to work in the capacity of driving while lawfully operating its motor vehicle(s) and Defendant, SLYPED, was otherwise in control and/or co-control of said motor vehicle, property, truck drivers, employees and authorized agents of SLYPED.

30.     That on or about May 2, 2017, Defendant, JOHN DOE, was lawfully operating Defendant's vehicle as a truck driver, employee, and/or agent acting within the scope and course of his employment and hired by Defendant, SLYPED.

31.     That at all times relevant and material hereto, it was the duty of Defendant, SLYPED, to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees and authorized agents who are lawfully operating Defendant's vehicles.

7

32. That Defendant, SLYPED, breached its afore-stated duties to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees, and authorized agents by failing to reasonably hire, train, instruct, supervise and manage qualified and safe individuals and/or reasonably screen potential applicants for employment at SLYPED, including but not limited to Defendant, JOHN DOE.

33. That Defendant, SLYPED, knew or should have known that Defendant, JOHN DOE, was not properly trained, instructed, and/or supervised to operate Defendant's vehicle(s) and was otherwise an individual who should not be driving Defendant's motor vehicle.

34. That Defendant, SLYPED, was negligent in and breached the following duties by way of illustration but not limitation:

    a.    Negligently hiring Defendant, JOHN DOE, without proper training and/or instruction;

    b.    Failing to properly supervise Defendant, JOHN DOE, and other drivers, employees and/or agents while working and/or during the scope and course of their employment with Defendant, SLYPED;

    c.    Failing to properly train and/or instruct Defendant, JOHN DOE, and other drivers, employees and/or agents in the safe operation of Defendant's vehicle(s) while in the course of employment with Defendant, SLYPED;

    d.    Failing to take reasonable precautions to prevent injuries such as those incurred by Plaintiff;

    e.    Committing other acts of negligence which will be ascertained through the course of discovery in said litigation.

35. That in the happening of the afore-stated incident, Plaintiff was not negligent, but rather Plaintiff's injuries were the sole, direct and proximate result of Defendant, SLYPED's,

Document received by the MI Wayne 3rd Circuit Court

negligence and the negligence of its drivers, employees and agents during the scope and course of employment with Defendant, SLYPED.

36.     That as a direct and proximate result of Defendants' negligence, Plaintiff, IRA ANDERSON, suffered severe and debilitating injuries, including but not limited to injury to his muscles, ligaments, nerves and nervous system, including injury to his hip(s), back, leg(s), and as well as other serious and disabling injuries including potential aggravation of pre-existing conditions and other parts of his body.

37.     That as a direct and proximate result of the said incident, Plaintiff suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills and/or hospital bills and will likely continue to do so in the future.

38.     That, additionally, because of the nature of said injuries, Plaintiff was and continues to be unable to participate in many of the activities of life in which he was able to indulge in prior to said injuries.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendant, SLYPED, in whatever amount this Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075-2401
(248) 355-2048

Dated: August 21, 2018

9

### STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

     Plaintiff,

v.

JOHN DOE, and SLYPED SERVICES, INC.,
A Foreign Profit Corporation,

     Defendants.

CASE NO. 18-      -NI
HON.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Rothstein Law Group, PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248)355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

_____/

### DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff herein, by and through his attorneys, ROTHSTEIN LAW

GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the

captioned matter.

          Respectfully submitted,

          ROTHSTEIN LAW GROUP PLC

          /s/ Lawrence R. Rothstein
          LAWRENCE R. ROTHSTEIN (P19697)
          Attorney for Plaintiff
          19068 W. Ten Mile Road
          Southfield, MI 48075-2401
Dated: August 21, 2018          (248) 355-2048

Document received by the MI Wayne 3rd Circuit Court

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

IRA ANDERSON,

      Plaintiff,

vs

JOHN DOE, and
SLYPED SERVICES, INC, a
Foreign Profit Corporation, and
CUBACOL TRANSPORT LLC, a
Foreign Profit Corporation,

      Defendants.

_____/

Case No. 18-010364-NI

Hon. David A. Groner

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Rothstein Law Group, PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248)355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

_____/

<u>**FIRST AMENDED COMPLAINT BY RIGHT AND RELIANCE**</u>
<u>**ON DEMAND FOR JURY TRIAL HERETOFORE FILED**</u>

    NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys,

ROTHSTEIN LAW GROUP PLC, and in support of his First Amended Complaint by Right

against the Defendants, shows unto this Honorable Court as follows:

1

18-010364-NI FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    2/5/2019 7:29 PM    Jacquetta Parkinson

## GENERAL ALLEGATIONS

1. That Plaintiff, IRA ANDERSON, was at all times relevant herein, a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That on or about May 2, 2017, Plaintiff, IRA ANDERSON, was involved in a motor vehicle accident in the City of Detroit, County of Wayne, State of Michigan.

3. That based upon information and belief, Defendant, SLYPED SERVICES INC., was at all relevant times hereto, a Foreign Profit Corporation, conducting a regular portion of its business in the County of Wayne, State of Michigan, and JOHN DOE was the operator of the truck owned by Defendant, SLYPED.

4. That based upon information and belief, Defendant, SLYPED SERVICES INC's resident agent is Puentes Pedro located at 4630 NW 102 ND Avenue, Apt 106, City of Doral, State of Florida.

5. That based upon information and belief, Defendant, CUBACOL TRANSPORT LLC., was at all relevant times hereto, a Foreign Profit Corporation, conducting a regular portion of its business in the County of Wayne, State of Michigan.

6. That based upon information and belief, Defendant, CUBACOL TRANSPORT LLC's resident agent is Fischer Francy Ramirez located at 4630 NW 102 ND Avenue, Apt 106, City of Doral, State of Florida.

7. That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was an employee of either Defendant, SLYPED SERVICES, INC, or Defendant, CUBACOL TRANSPORT LLC. (hereinafter sometimes collectively referred to as "Defendants").

8. That the amount in controversy herein exceeds the sum of Twenty Five Thousand Dollars

2

18-010364-NI FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 2/5/2019 7:29 PM Jacquetta Parkinson

($25,000.00), exclusive of interest, costs, and attorney fees.

## COUNT I – NEGLIGENCE BY DEFENDANT JOHN DOE

9. Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 8 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

10. That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was the operator of a motor vehicle, identified as a Blue 2009 Freightliner Cascadia Tractor Truck bearing a Vehicle Identification No. 1FUJGLCK29LAE2140 and Vehicle Registration No. AA31DC (hereinafter sometimes referred to as "Defendants' vehicle") and was responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

11. On or about May 2, 2017 Plaintiff was the driver of a motor vehicle, identified as a 2007 White Pontiac Grand Prix bearing a Vehicle Identification  No.2G2WP552471205479 and Vehicle Registration No. BTT6851 (hereinafter sometimes referred to as "Plaintiff's vehicle") and while traveling on Schaefer Road at or near the intersection of Schaefer Road and Fort Street when Defendant, JOHN DOE, suddenly attempted to make a left turn from the right lane and collided with Plaintiff's vehicle, dragging it to the left, causing a motor vehicle accident.

12. That at all times relevant and material hereto, it was the duty of the Defendant, JOHN DOE, to operate Defendants' vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the laws of the State of Michigan and all subdivisions thereof having jurisdiction.

3

18-010364-NI  FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    2/5/2019 7:29 PM    Jacquetta Parkinson

13. That contrary to the duties set forth above and below, the Defendant, JOHN DOE, was negligent, careless, reckless, and/or guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendants' motor vehicle, and further breached the aforesaid duties owed to Plaintiff, including, by way of illustration and not limitation:

    a. Failing to operate Defendants' vehicle in a reasonably careful and prudent manner, and failing to keep Defendants' vehicle under control so as to avoid a collision with another vehicle;

    b. Failing to operate Defendants' vehicle at a speed which was reasonable and proper and within consideration for the then-existing conditions;

    c. Operating a vehicle at an excessive speed in violation of statutes and ordinances having jurisdiction;

    d. Driving Defendants' vehicle carelessly and heedlessly in willful disregard for the safety of others, without due caution and circumspection, so as to endanger persons and property;

    e. Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid a motor vehicle collision;

    f. Failing to stop within the assured clear distance ahead;

    g. Failing to yield the right of way to Plaintiff's vehicle;

    h. Operating a motor vehicle while distracted;

    i. Failing to stay in the proper lane of traveling;

4

18-010364-NI FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 2/5/2019 7:29 PM Jacquetta Parkinson

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/5/2019 7:29 PM   Jacquetta Parkinson

    j.   Committing other acts and/or omissions which constitute breaches of duties owed to Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

14. That in the happening of the aforesaid accident, Plaintiff was not negligent, but was at all times conducting himself in a reasonable and prudent manner.

15. That as a direct and proximate result of the aforementioned breaches of duties and the negligence of the Defendant, the Defendant caused a motor vehicle collision of great force and impact, causing Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements.

16. That as a direct and proximate result of the aforementioned negligence and breaches of duties of the Defendant, Plaintiff, IRA ANDERSON, was made to suffer serious and disabling injuries; including but not limited to injuries to his back, hip(s), and leg(s) as well as other serious and disabling injuries, and aggravation of injuries the complete nature and extent of which is not completely known at this time.

17. That as a direct result of the aforementioned collision, Plaintiff suffered, continues to suffer, and will likely in the future continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

18. That prior to the accident, Plaintiff was in reasonably good health and was able to and did participate in and enjoy the usual activities of life, but since said accident, Plaintiff has been under medical and in a state of pain, stress and discomfort, all preventing him from engaging in many of those activities he engaged in prior to the accident.

19. That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention and will likely require extensive medical treatment in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant, JOHN DOE, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II – OWNERS LIABILITY (Against "Defendants")

20. Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 19 of the Allegations of this Complaint and with the same force and effect as if same were set forth in full hereunder, and further states:

21. That at all times relevant hereto, the vehicle being driven by JOHN DOE was owned/co-owned and/or leased/co-leased by Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC .

22. That at all times relevant hereto, the vehicle being driven by JOHN DOE was being operated with the express and/or implied consent and knowledge of Defendants-owner/co-owner and/or lessee/co-lessee.

23. That Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC are responsible for all damages sustained by the Plaintiff in this matter as hereinbefore or hereinafter alleged which were caused as a result of the negligent operation of the said motor vehicle by JOHN DOE pursuant to MCLA 257.401 et. seq., as amended, and other applicable statutes and the common law of the State of Michigan governing owner's liability for the negligent operation of motor vehicles.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant judgment in

6

favor of the Plaintiff against the Defendants for whatever amount to which Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

COUNT III: RESPONDEAT SUPERIOR AS TO DEFENDANTS

24. Plaintiff herein reincorporate and re-allege Paragraphs 1 through 23 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

25. That on or about May 2, 2017 Defendant, JOHN DOE, was a driver, employee, and otherwise an agent of Defendant, SLYPED SERVICES INC., and/or Defendant, CUBACOL TRANSPORT LLC.

26. That on or about May 2, 2017 the Defendant, SLYPED SERVICES INC., and/or CUBACOL TRANSPORT LLC knew or should have known that the Defendant, JOHN DOE, was acting within the scope of his employment with the Defendants.

27. That on or about May 2, 2017 and at the time of the aforesaid accident Defendant, JOHN DOE, was acting in the course of his employment for the Defendant, SLYPED SERVICES INC., and/or CUBACOL TRANSPORT LLC and during the course of his regular duties for said Defendants.

28. That Defendants are liable for the negligence of Defendant, JOHN DOE, their truck driver, employee and/or agent, pursuant to the Doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendants in whatever amount this Honorable Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

COUNT IV: NEGLIGENT TRAINING, SUPERVISION, and HIRING AS TO DEFENDANTS

7

29.    Plaintiff herein reincorporate and re-allege Paragraphs 1 through 28 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

30.    That on or about May 2, 2017 Defendants were the employer of Defendant, JOHN DOE.

31.    That on or about May 2, 2017, Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC, was responsible for hiring, supervising, instructing and employing truck drivers, more specifically Defendant, JOHN DOE, to work in the capacity of driving while lawfully operating its motor vehicle(s) and Defendants were otherwise in control and/or co-control of said motor vehicle, property, truck drivers, employees and authorized agents of the Defendants.

32.    That on or about May 2, 2017, Defendant, JOHN DOE, was lawfully operating Defendants' vehicle as a truck driver, employee, and/or agent acting within the scope and course of his employment and hired by Defendants.

33.    That at all times relevant and material hereto, it was the duty of the Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC, to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees and authorized agents who are lawfully operating Defendants' vehicles.

34.    That Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC, breached their aforestated duties to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees, and authorized agents by failing to reasonably hire, train, instruct, supervise and manage qualified and safe individuals and/or reasonably screen potential applicants for employment with the Defendants, including but not limited to Defendant, JOHN

8

DOE.

35. That Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC, knew or should have known that Defendant, JOHN DOE, was not properly trained, instructed, and/or supervised to operate Defendants' vehicle(s) and was otherwise an individual who should not be driving Defendants' motor vehicle.

36. That Defendant, SLYPED SERVICES INC and/or CUBACOL TRANSPORT LLC, was negligent in and breached the following duties by way of illustration but not limitation:

> a. Negligently hiring Defendant, JOHN DOE, without proper training and/or instruction;
>
> b. Failing to properly supervise Defendant, JOHN DOE, and other drivers, employees and/or agents while working and/or during the scope and course of their employment with the Defendants;
>
> c. Failing to properly train and/or instruct Defendant, JOHN DOE, and other drivers, employees and/or agents in the safe operation of Defendants' vehicle(s) while in the course of employment with the Defendants;
>
> d. Failing to take reasonable precautions to prevent injuries such as those incurred by Plaintiff;
>
> e. Committing other acts of negligence which will be ascertained through the course of discovery in said litigation.

37. That in the happening of the aforestated incident, Plaintiff was not negligent, but rather Plaintiff's injuries were the sole, direct and proximate result of Defendants' negligence and the negligence of their drivers, employees and agents during the scope and course of

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/5/2019 7:29 PM   Jacquetta Parkinson

employment with the Defendants.

38.     That as a direct and proximate result of Defendants' negligence, Plaintiff, IRA ANDERSON, suffered severe and debilitating injuries, including but not limited to injury to his muscles, ligaments, nerves and nervous system, including injury to his hip(s), back, leg(s), and as well as other serious and disabling injuries including potential aggravation of pre-existing conditions and other parts of his body.

39.     That as a direct and proximate result of the said incident, Plaintiff suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills and/or hospital bills and will likely continue to do so in the future.

40.     That, additionally, because of the nature of said injuries, Plaintiff was and continues to be unable to participate in many of the activities of life in which he was able to indulge in prior to said injuries.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendants in whatever amount this Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

ROTHSTEIN LAW GROUP PLC

*/s/ Lawrence R. Rothstein*
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075-2401
(248) 355-2048

Dated: February 1, 2019

10

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/5/2019 7:29 PM   Jacquetta Parkinson

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/8/2019 12:23 PM   Debra Bynum

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

IRA ANDERSON,

                Plaintiff

-vs-

Case No. 18-010364-NI
Judge David A. Groner

JOHN DOE and
SLYPED SERVICES, INC.,
a foreign profit corporation, and
CUBACOL TRANSPORT, LLC, a
Foreign Profit Corporation,

                Defendants.

---

| ROTHSTEIN LAW GROUP PLC | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| Lawrence R. Rothstein (P19697) | By: Dirk H. Beckwith (P35609) |
| Michael J. Rothstein (P70240) | Attorneys for Slyped Services, Inc. |
| Mario J. Azzopardi (P46971) | 28411 Northwestern Highway, Suite 500 |
| Attorneys for Plaintiff | Southfield, Michigan 48034 |
| 19068 West Ten Mile Road | 248.539.9918 |
| Southfield, Michigan 48075 | dbeckwith@fosterswift.com |
| 248.355.2048 | |
| lrr@rothsteinlawgroup.com | |
| mjr@rothsteinlawgroup.com | |
| mja@rothsteinlawgroup.com | |

---

### SLYPED SERVICES, INC.'s ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY

       Slyped Services, Inc. ("Slyped"), for its Answer to Plaintiff's First Amended Complaint,
states as follows:

       1.       Slyped neither admits nor denies the allegations contained in Paragraph 1 because
it is without knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 1.

2. Slyped neither admits nor denies the allegations contained in Paragraph 2 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Slyped denies the allegations contained in Paragraph 3 because the allegations are not true. Slyped was dissolved on November 20, 2018.

4. Slyped denies the allegations contained in Paragraph 4 because the allegations are not true.

5. Slyped neither admits nor denies the allegations contained in Paragraph 5 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Slyped neither admits nor denies the allegations contained in Paragraph 6 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Slyped denies the allegations contained in Paragraph 7 because the allegations are not true.

8. Slyped neither admits nor denies the allegations contained in Paragraph 8 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

## COUNT I – NEGLIGENCE BY DEFENDANT JOHN DOE

9. Slyped repeats and incorporates its responses to Paragraphs 1 through 8 as if set forth herein verbatim.

10. Slyped neither admits nor denies the allegations contained in Paragraph 10 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Slyped neither admits nor denies the allegations contained in Paragraph 11 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Slyped neither admits nor denies the allegations contained in Paragraph 12 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Slyped neither admits nor denies the allegations contained in Paragraph 13 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Slyped neither admits nor denies the allegations contained in Paragraph 14 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Slyped neither admits nor denies the allegations contained in Paragraph 15 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Slyped neither admits nor denies the allegations contained in Paragraph 16 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Slyped neither admits nor denies the allegations contained in Paragraph 17 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Slyped neither admits nor denies the allegations contained in Paragraph 18 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Slyped neither admits nor denies the allegations contained in Paragraph 19 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

WHEREFORE, Slyped requests this Court dismiss Count I of Plaintiff's First Amended Complaint with prejudice and without costs and award it its attorney fees and costs so wrongfully sustained.

### COUNT II – OWNER'S LIABILITY (Against Defendants)

20. Slyped repeats and incorporates its responses to Paragraphs 1 through 19 as if set forth herein verbatim.

21. Slyped admits that the vehicle described in Plaintiff's First Amended Complaint was at one time owned by Slyped. Slyped denies the remaining allegations contained in Paragraph 21 because the remaining allegations are not true.

22. Slyped neither admits nor denies the allegations contained in Paragraph 22 because it is without knowledge or information sufficient to form a belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Slyped neither admits nor denies the allegations contained in Paragraph 23 because it is without knowledge or information sufficient to form a belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

WHEREFORE, Slyped requests this Court dismiss Count II of Plaintiff's First Amended Complaint with prejudice and without costs and award it its attorney fees and costs so wrongfully sustained.

### COUNT III – RESPONDEAT SUPERIOR AS TO DEFENDANTS

24. Slyped repeats and incorporates its responses to Paragraphs 1 through 23 as if set forth herein verbatim.

25.     Slyped neither admits nor denies the allegations contained in Paragraph 25 because it is without knowledge or information sufficient to form a belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Slyped neither admits nor denies the allegations contained in Paragraph 26 because it is without knowledge or information sufficient to form a belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Slyped denies the allegations contained in Paragraph 27 because the allegations are not true.

28.     Slyped denies the allegations contained in Paragraph 28 because the allegations are not true.

WHEREFORE, Slyped requests this Court dismiss Count III of Plaintiff's First Amended Complaint with prejudice and without costs and award it its attorney fees and costs so wrongfully sustained.

## COUNT IV – NEGLIGENT TRAINING, SUPERVISION AND HIRING AS TO DEFENDANTS

29.     Slyped repeats and incorporates its responses to Paragraphs 1 through 28 as if set forth herein verbatim.

30.     Slyped denies the allegations contained in Paragraph 30 because the allegations are not true.

31.     Slyped denies the allegations contained in Paragraph 31 because the allegations are not true.

32.     Slyped denies the allegations contained in Paragraph 32 because the allegations are not true.

33.     Slyped denies the allegations contained in Paragraph 33 because the allegations are not true.

34.     Slyped denies the allegations contained in Paragraph 34 because the allegations are not true.

35.     Slyped denies the allegations contained in Paragraph 35 because the allegations are not true.

36.     Slyped denies the allegations contained in Paragraph 36 because the allegations are not true.

37.     Slyped neither admits nor denies the allegations contained in Paragraph 37 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Slyped neither admits nor denies the allegations contained in Paragraph 38 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     Slyped neither admits nor denies the allegations contained in Paragraph 39 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Slyped neither admits nor denies the allegations contained in Paragraph 40 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

WHEREFORE, Slyped requests this Court dismiss Count IV of Plaintiff's First Amended Complaint with prejudice and without costs and award it its attorney fees and costs so wrongfully sustained.

FOSTER SWIFT COLLINS & SMITH PC

By:   /s/ Dirk H. Beckwith
    Dirk H. Beckwith (P35609)
    Attorneys for Slyped Services, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated: February 7, 2019

AFFIRMATIVE DEFENSES

Slyped, for its Affirmative Defenses, states as follows:

1.    Slyped claims the rights, privileges and immunities provided under MCLA 500.3101 et seq. being the Michigan No Fault Automobile Insurance Law.

2.    Plaintiff has failed to state a claim upon which relief may be granted and Slyped is entitled to judgment of No Cause for Action as a matter of law.

3.    Any claim by the Plaintiff for recovery of economic benefits, damages or payments is barred to the extent provided by the applicable provisions of MCLA 500.3101 et seq.

4.    Plaintiff's claim for wage loss benefits and/or loss of earning capacity is specifically prohibited by Ouellette v Kenealy, 424 Mich 83, 375 NW2d 470 (1985) and, on that basis, Plaintiff has failed to state a claim upon which relief may be granted.

5.    Plaintiff has not sustained injuries amounting to death, serious impairment of body function, or permanent, serious disfigurement within the meaning of MCLA 500.3135(1).

6.    Plaintiff's injuries have not affected his ability to lead a normal life within the meaning of Michigan's No Fault Act.

7.    The sole, proximate cause of the complained of accident, damages and injuries to the Plaintiff, was the negligence and/or comparative negligence of the Plaintiff himself in failing

to make proper observation, in failing to operate his motor vehicle with due cause and circumspection and at a speed and in a manner so as not to endanger or be likely to endanger himself, in failing to use due care, caution, and circumspection with respect to his own health, welfare and safety, and in failing to keep a proper and safe lookout.

8.      Slyped denies any negligence on its part whatsoever.

9.      If the Plaintiff suffered any injury or damage as alleged, such damage was caused by the intervening act or acts or omissions of parties other than Slyped and said act or acts or omissions superseded any action or omission by Slyped of which it might be considered liable to the Plaintiff, and which Slyped could not reasonably have foreseen, nor for which it can be held liable in this action.

10.     Slyped claims the rights, privileges and immunities as provided in Public Act 178 (1986) or commonly known as the Tort Reform Act of 1986.

11.     The Plaintiff failed to mitigate his damages.

12.     The Plaintiff has violated the dictates of MCLA 257.710(e).

13.     There is no proximate causation between the alleged accident and Plaintiff's injuries, if any.

14.     Slyped reserves the right to amend its Affirmative Defenses when the discovery process reveals facts which will properly allow it to do so.

FOSTER SWIFT COLLINS & SMITH PC

By: _____
    Attorneys for Slyped Services, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated: February 7, 2019.

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on February 7, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ Jo Dickinson

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

IRA ANDERSON,

               Plaintiff

-vs-

JOHN DOE and
SLYPED SERVICES, INC.,
a foreign profit corporation, and
CUBACOL TRANSPORT, LLC, a
Foreign Profit Corporation,

               Defendants.

Case No. 18-010364-NI
Judge David A. Groner

---

ROTHSTEIN LAW GROUP PLC
Lawrence R. Rothstein (P19697)
Michael J. Rothstein (P70240)
Mario J. Azzopardi (P46971)
Attorneys for Plaintiff
19068 West Ten Mile Road
Southfield, Michigan 48075
248.355.2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

FOSTER SWIFT COLLINS & SMITH PC
By: Dirk H. Beckwith (P35609)
Attorneys for Slyped Services, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

---

### SLYPED SERVICES, INC.'S INTERROGATORIES AND REQUESTS TO ADMIT TO IRA ANDERSON

      Slyped Services, Inc. submits these Interrogatories and Requests to Admit to Ira Anderson to be answered separately, fully in writing, and under oath.

      These Interrogatories and Requests for Admissions are submitted pursuant to MCR 2.309 and 2.312, and the information sought must be given, whether secured by you, your agent, representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are

stated. These Interrogatories and Requests for Admissions shall be deemed continuing, and supplemental answers shall be required immediately upon receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories and Requests for Admissions must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories and Requests for Admissions are served upon you.

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:

### Interrogatory No. 4.

Did Plaintiff undergo any surgical procedures as a result of the incident that allegedly occurred on July 7, 2018? If so, describe the surgical procedures Plaintiff underwent.

ANSWER:

### Interrogatory No. 5.

Did Plaintiff seek any medical treatment as a result of the incident that allegedly occurred on July 7, 2018? If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

ANSWER:

Interrogatory No. 6.

Did Plaintiff allegedly miss any time from work as a result of the incident that allegedly occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's lost wages incurred to date and when did Plaintiff return to work?

ANSWER:

Request to Admit No. 1.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

ANSWER:

Request to Admit No. 2.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

ANSWER:

FOSTER SWIFT COLLINS & SMITH PC

By:_____
        Dirk H. Beckwith (P35609)
        Attorneys for Slyped Services, Inc.
        28411 Northwestern Highway, Suite 500
        Southfield, Michigan 48034
        248.539.9918
        dbeckwith@fosterswift.com

Dated:  February 8, 2019

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on February 8, 2019.  Service of this filing will be sent to all parties via the Court's electronic filing system.

/s/ Jo Dickinson

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

IRA ANDERSON,

                    Plaintiff

-vs-                                                    Case No. 18-010364-NI
                                                        Judge David A. Groner
JOHN DOE and
SLYPED SERVICES, INC.,
a foreign profit corporation, and
CUBACOL TRANSPORT, LLC, a
Foreign Profit Corporation,

                    Defendants.

---

ROTHSTEIN LAW GROUP PLC              FOSTER SWIFT COLLINS & SMITH PC
Lawrence R. Rothstein (P19697)       By: Dirk H. Beckwith (P35609)
Michael J. Rothstein (P70240)        Attorneys for Defendant Slyped Services, Inc.
Mario J. Azzopardi (P46971)          28411 Northwestern Highway, Suite 500
Attorneys for Plaintiff              Southfield, Michigan 48034
19068 West Ten Mile Road             248.539.9918
Southfield, Michigan 48075           dbeckwith@fosterswift.com
248.355.2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

---

SLYPED SERVICES, INC.'S
SECOND SET OF INTERROGATORIES TO IRA ANDERSON

Slyped Services, Inc., for its Second Set of Interrogatories to Ira Anderson, states as follows:

These Interrogatories are submitted to you pursuant to MCR 2.309 and the information sought must be given, whether secured by you, your agent, representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are stated. These Interrogatories

shall be deemed continuing, and supplemental answers shall be required immediately upon receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories are served upon you.

1.      State your full name, present address, telephone number, date and place of birth, social security number and driver's license number and the state in which it was issued.

ANSWER:

2.      If you have ever used any other name or names other than the name that is used in the Complaint, state the name or names, when used and where used.

ANSWER:

3.      State your residence history for the past five (5) years, giving the following:

(a)     full address;

(b)     owned, rented, leased;

(c)     name and present address of landlord; and

(d)     duration of occupancy.

ANSWER:

4.      State your educational history, giving the following:

(a)     name and address of each school attended;

(b)     dates of attendance;

(c)     highest grade or class that you attained; and

(d)     degree that was conferred.

ANSWER:

5.    State any occupational or employment training, if any, that you have received, formal or informal, and give the following:

(a)    name and place of training facility;

(b)    dates of attendance,

(c)    occupational title, and

(d)    degree or title that was conferred.

ANSWER:

6.    State your employment history, if any, for the past five (5) years, giving the following:

(a)    name and address of each employer;

(b)    dates of employment at each employer;

(c)    type of work at each place of employment;

(d)    reason for termination of each employment; and,

(e)    salary or hourly wage rate at the time of starting and time of terminating each employment.

ANSWER:

7.    Were you employed at the time of the incident described in the Complaint?  If so, state the following:

(a)    place and type of employment;

(b)    type of work and title at time of incident;

(c)    salary or hourly wage rate at the time of incident alleged in the Complaint;

(d)    whether you had worked on the date of the incident prior to your illness or injury;

(e)    date that you returned to work following the incident;

(f)     amount of alleged earnings or income resulting from the incident, and attach a verification of same;

(g)     present salary or hourly wage rate; and

(h)     present type of work and title.

ANSWER:

8.     If you have not returned to full-time employment, please state the date you returned to part-time employment, and the date it is expected that you will return to full time employment.

ANSWER:

9.     State the amount of income that you received from your employment, business or profession for each of the three (3) years immediately preceding the year in which the incident occurred.

ANSWER:

10.     State your marital history, if any, giving the following:

(a)     date and place of each marriage;

(b)     name and present address of each former spouse;

(c)     name, age and present address of children from each marriage; and

(d)     date, place and manner of termination of each marriage.

ANSWER:

11.     State whether you have been convicted of a crime.  If so, further state:

(a)     the nature of said conviction;

(b)     the date;

(c)     the place thereof.

ANSWER:

12.     In your own words, please describe in detail how the incident which is the subject of this lawsuit occurred including relative dates, times and locations of the vehicles involved. (Do not answer "See Complaint").

ANSWER:

13.     If you are claiming that you have permanent injury that affects your earning capacity, please state:

(a)     the nature of your injury;

(b)     how the injury prevents or makes difficult the performance of your work;

(c)     whether a physician has given you a disability rating, and, if so, state the percentage; and

(d)     the name, address and telephone number of said physician.

ANSWER:

14.     Please state whether you are claiming as an element of damages, future loss of earnings or impairment of earning capacity.  If so, further state:

(a)     the basis of such claim;

(b)     the amount; and

(c)     the basis upon which you compute such amount.

ANSWER:

15.     Please describe, in detail, the injuries you allegedly sustained, by reason of said incident, setting forth whether you sustained:

(a)     any fractures or dislocation of any bones;

(b)     any abrasions, contusions and/or hematomas;

(c)     any sprains and/or strains of any ligaments and/or muscles;

(d)     any injury to any nerves and/or the nervous system;

(e)     aggravation of any pre-existing conditions;

(f)     any internal injuries, describe nature of same; and

(g)     any other injuries.

ANSWER:

16.     With reference to any medical treatment, examinations, consultation and/or evaluations for your alleged injuries, please state:

(a)     the name, address and telephone number of each hospital or other place of treatment wherein you have been confined, examined and/or evaluated, and the dates thereof;

(b)     the nature of the treatment rendered;

(c)     the nature of any operative procedures performed and the dates thereof;

(d)     the diagnosis;

(e)     the name, address and telephone number of each physician who has treated, examined and/or evaluated your alleged injuries;

(f)     the number of occasions on which you were treated, examined and/or evaluated by each physician, setting forth the dates of treatment, examination and/or evaluation;

(g)     the nature of the treatment by each physician setting forth whether said treatment was rendered at the doctor's office, at your home, and/or in the hospital;

(h)     the name, address and telephone number of each psychiatrist and/or psychologist with whom you have treated and/or consulted, setting forth the dates of treatment and/or consultations; and

(i)     whether you have in your possession, or anyone acting on your behalf, has copies of records and/or reports relating to care and treatment rendered for your alleged injuries.

ANSWER:

17.    Please state whether you are claiming any of your injuries are of a permanent nature, and, if so, which of said injuries are alleged to be permanent.  Further state the name, address and telephone number of each physician who has advised you of same.

ANSWER:

18.    List any scars and/or other disfigurements which you claim resulted from the incident.

ANSWER:

19.    If you were required to wear a cast, brace, crutch and/or artificial support, please state:

(a)    the name of such cast, brace and/or artificial support;

(b)    a description of same;

(c)    the length of time you were required to wear same; and

(d)    the name, address and telephone number of each physician who prescribed same.

ANSWER:

20.    If X-rays were taken of the alleged injuries, please state:

(a)    the date the x-rays were taken;

(b)    the name, address and telephone number of each clinic, hospital and/or office where the x-rays were taken; and,

(c)    the name, address and telephone number of each person who has present custody of the X-ray films and/or X-ray reports.

ANSWER:

21.    Please state whether you were confined at home, and if so, the dates you were so confined.

ANSWER:

22.     Has any doctor advised you to restrict your activities and, if so, state the name, address and telephone number of the doctor and the activities from which you were restricted.

ANSWER:

23.     Please state the name, address and telephone number of each physician who is presently treating you for the alleged injuries.

ANSWER:

24.     Please state the name, address and telephone number of your family physician.

ANSWER:

25.     Please state whether you have ever been hospitalized prior to and/or subsequent to said incident, other than referred to in your above answers.  If so, further state:

(a)     the name, address and telephone number of each hospital, clinic or other medical institution;

(b)     the dates of confinement;

(c)     the nature of the illness, disease or injury;

(d)     the name, address and telephone number of each treating and/or examining physician; and

(e)     whether you have in your possession, or anyone acting on your behalf, has copies of any reports and/or records relating to said care and treatment.

ANSWER:

26.     Please state, in general, the condition of your health prior to said incident.

ANSWER:

27.     Please state the last time prior to said incident you had a complete physical examination, and the name, address and telephone number of each physician making said examination.

ANSWER:

28.    If you were being treated by a physician prior to the date of said incident, please state the name, address and telephone number of said physician and the type of treatment rendered.

ANSWER:

29.    Have you ever been denied any life, health or automobile insurance coverage, or had to pay increased insurance premiums because of any physical infirmity, ailment, disease and/or other cause?

ANSWER:

30.    State whether you have recovered from your alleged injuries and, if so, the approximate date of recovery,

ANSWER:

31.    Please itemize, by name and address, all medical bills paid or incurred by you, in connection with said incident, including, but not limited to: cost of ambulance, cost of X-rays, cost of medicine, cost of surgical apparatus and any and all other costs.

ANSWER:

32.    Please state whether you are claiming as an element of damages future medical expenses. If so, state the amount and the name, address and telephone number of each physician who has advised this amount.

ANSWER:

33.    Please state whether you are claiming any element of damages not heretofore listed, and, if so, state the amount thereof, and the basis for computing same.

ANSWER:

34.    Please itemize any other expenses or financial losses which you have paid or incurred which you attribute to said incident.

ANSWER:

35.    Please state whether you have ever made a claim for personal injuries. If so, further state:

(a)    the date of such claim;

(b)    the name and address of each person involved in each such claim;

(c)    the nature of your injuries; and

(d)    the disposition of said claim.

ANSWER:

36.    Please state whether you have ever been involved in any lawsuit or worker's compensation claim which involved a claim for personal injuries.  If so, further state:

(a)    the nature of said lawsuit;

(b)    the name and address where said claim was filed;

(c)    the name and address of the Court wherein said lawsuit was filed;

(d)    the name and address of each person involved in said lawsuit and/or claim; and,

(e)    the disposition of said lawsuit and/or claim.

ANSWER:

37.    Please state whether you have been involved in any accidents either prior to, or subsequent to said incident.  If so, please state:

(a)    the place of each said accident;

(b)    the date of each said accident;

(c)    the nature of any injuries sustained in said accident; and

(d)     the name, address and telephone number of each physician who treated you for said injuries.

ANSWER:

38.     Please state the name and address of each person known to you or your attorney who has possession and/or control of any model, map, drawing or photograph purporting to show the area, the person, materials, equipment, or other objects involved in said incident.  If so, further state.

(a)     a brief description of such model, map, drawing or photograph; and

(b)     the date when such model, map, drawing or photograph was made.

ANSWER:

39.     Do you know of any documents, papers, books, accounts, letters, photographs, motion pictures, drawings, plans, objects, measurements, written descriptions or other tangible things containing evidence relating to said incident and not previously listed herein?  If so, as to each such item, please state:

(a)     the nature and specific subject matter;

(b)     the date same was made or taken; and

(c)     the name, address and employer of each person making or taking same.

ANSWER:

40.      Have you or anyone acting on your behalf, obtained statements, in any form, from any person regarding the events or happenings that occurred at the scene of said incident?  If so, please state:

(a)     the name, address and telephone number of each person from whom such statements were taken;

(b)     whether each such person is employed, and, if so, the name and address of each employer;

(c)     the name and address of each person taking such statements;

(d)     whether each statement was taken in writing, orally, or by recording device; and,

(e)     the name and address of each present custodian of each statement.

ANSWER:

41.     Was an investigation made by you or anyone acting on your behalf concerning the circumstances of said incident? If so, please state:

(a)     the name, address and telephone number of each person who made the investigation;

(b)     whether a written report was made of said investigation; and

(c)     the name, address and telephone number of each person who has present custody of each such report.

ANSWER:

42.     Did you or anyone acting on your behalf make and send to any insurance company or public authority a written report of said incident? If so, please state:

(a)     the date of each report;

(b)     the name, address and telephone number of the person who made such report; and

(c)     the name, address and telephone number of the insurance company and of the public authority to which such report was made.

ANSWER:

43.     Do you have knowledge of any written report, statement, memorandum, record of testimony, whether written or oral, and whether prepared by you or anyone acting on your behalf, concerning said incident other than previously set out in these Interrogatories?

ANSWER:

44.     What is the name, address and telephone number of each person who saw or heard, or claims to have seen or heard, any of the events or happenings that occurred.

(a)     immediately before the incident;

(b)     at the time of said incident; and

(c)     immediately after said incident.

ANSWER:

45.     Have you, or anyone acting on your behalf, contacted any expert witness either orally or in writing, concerning any liability, medical or other problem arising out of said incident?  If so, please state:

(a)     the name, address and telephone number of each such expert witness;

(b)     the nature of the problem for which each expert was consulted; and

(c)     which of these experts will be called at the trial of this matter.

ANSWER:

46.     Please state the names, addresses and telephone numbers of all persons other than medical witnesses, who have knowledge concerning your claim for injuries known to you or anyone acting on your behalf.

ANSWER:

47.     Please state the number of years you have been a licensed driver, listing all states wherein you have been licensed and the license numbers.

ANSWER:

48.    Please state if you have ever had a driver's license which contained any restrictions of any kind.  If so, further state:

(a)    the nature of each restriction; and

(b)    the effective dates of each restriction.

ANSWER:

49.    Please state whether you have ever received a moving violation.  If so, please state:

(a)    the nature of each moving violation; and

(b)    the effective dates of each moving violation.

ANSWER:

50.    Please state whether you had consumed any alcoholic beverages, sedatives, tranquilizers, or other drugs and/or medicines during the twenty-four (24) hour period immediately preceding said incident.  If so, further state:

(a)    a description of each substance consumed;

(b)    the amount of time over which consumed; and

(c)    if alcohol, the place of consumption and the name,   address and telephone number of each person with whom you were drinking.

ANSWER:

51.    Please state whether you have:

(a)    diabetes;

(b)    fainting spells;

(c)    heart condition;

(d)    any medical disorders;

(e)    eye condition; or

(f)    ear condition.

If so, further state:

(a)     dates of affliction;

(b)     a description of the disability and/or condition;

(c)     the name, address and telephone number of each attending physician; and

(d)     whether you have in your possession, or anyone acting on your behalf, has copies

of any medical records and/or reports relating to said disability and/or condition.

ANSWER:

52.     Have you applied for no-fault benefits from any insurance company?  If so, please

state:

(a)     the date you made the applications;

(b)     the name, address and telephone number of the insurance company;

(c)     the claim number; and

(d)     the name of the adjuster.

ANSWER:

53.     Have you received any worker's compensation benefits as a result of this

accident?  If so, please state:

(a)     the date you made the application;

(b)     the name, address and telephone number of the insurance company;

(c)     the claim number;

(d)     the name of the adjuster; and

(e)     the type of and amounts of benefits received.

ANSWER:

54.     Have you made any application for uninsured motorists benefits as a result of this

accident? If so, please state: embarrassment

(a)     the name, address and telephone number of the insurance company;

(b)     the claim number;

(c)     the name of the adjuster; and

(d)     the amount received.

ANSWER:

55.     At the time of the accident, what was the make and model of the vehicle in which you were an occupant?

ANSWER:

56.     At the time of the accident, were you the driver of the motor vehicle which was involved in the accident.  If not, what is the name, address and telephone number of the driver.

ANSWER:

57.     At the time of the accident, were you the owner of the motor vehicle which was involved in the motor vehicle accident?

ANSWER:

58.     Do you own or lease a cell phone.

ANSWER:

59.     What was your cell phone number at the time of the accident.

ANSWER:

60.     Were you talking on a cell phone at the time of the accident.

ANSWER:

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
    Dirk H. Beckwith (P35609)
    Attorneys for Slyped Services, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated: February 8, 2019

## **CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing was electronically filed on February 8, 2019. Service of this filing will be sent to all parties via the Court's electronic filing system.

/s/ Jo Dickinson



# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

Plaintiff,

Case No. 18-010364-NI
Hon. David A. Groner

v

JOHN DOE and
SLYPED SERVICES, INC.,
a Foreign profit corporation, and
CUBACOL TRANSPORT, LLC,
a Foreign Profit Corporation,

Defendants.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-2048/(248) 355-2079 (*fax*)
mja@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

DIRK H. BECKWITH (P35609)
Attorneys for Slyped Services, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

_____/

Document received by the MI Wayne 3rd Circuit Court.

## PLAINTIFF'S RESPONSES TO
## DEFENDANT, SLYPED SERVICES, INC'S, AFFIRMATIVE DEFENSES

NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and in Response to Defendant, Slyped Services, Inc.'s, Affirmative Defenses, states as follows:

1.    In response to Paragraph 1 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

2.    In response to Paragraph 2 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

3.    In response to Paragraph 3 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

4.    In response to Paragraph 4 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

5.    In response to Paragraph 5 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

6.    In response to Paragraph 6 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

7.    In response to Paragraph 7 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

8.    In response to Paragraph 8 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

9.    In response to Paragraph 9 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

10.   In response to Paragraph 10 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

Document received by the MI Wayne 3rd Circuit Court.

11.    In response to Paragraph 11 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

12.    In response to Paragraph 12 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

13.    In response to Paragraph 13 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

14.    In response to Paragraph 14 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

Respectfully Submitted,

**ROTHSTEIN LAW GROUP PLC**

/s/ Mario J. Azzopardi
MARIO J. AZZOPARDI (P46971)
Attorney for Plaintiff
19068 West Ten Mile Road
Southfield, MI 398075
(248) 355-2048

---

### PROOF OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the Court's e-filing system which will send notification of such filing to all counsel of record.

/s/ Michelle Dallas
Michelle Dallas

---

Dated: February 8, 2019

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 18-010364-NI |
| 3rd **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | |

**Court address**
2 Woodward Avenue, Detroit, MI 48226

**Court telephone no.**
313-224-5260

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| IRA ANDERSON | v | CUBACOL TRANSPORT LLC<br>c/o Resident Agent: Fischer Francy Ramirez<br>4630 NW 102nd Avenue, Apt. 106<br>Doral, FL 33178 |

**Plaintiff's attorney, bar no., address, and telephone no.**
Michael J. Rothstein
19068 West Ten Mile Road
Southfield, MI 48075
(248) 355-2048

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 2/5/2019 | 5/7/2019 | /s/ Jacquetta Parkinson |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (8/18)  **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

Jacquetta Parkinson    2/5/2019 7:29 PM    WAYNE COUNTY CLERK    Cathy M. Garrett    FILED IN MY OFFICE    18-010364-NI FILED IN MY OFFICE

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/8/2019 3:38 PM   Debra Bynum

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

        Plaintiff,

v

Case No. 18-010364-NI
Hon. David A. Groner

JOHN DOE and
SLYPED SERVICES, INC.,
a Foreign profit corporation, and
CUBACOL TRANSPORT, LLC,
a Foreign Profit Corporation,

        Defendants.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-2048/(248) 355-2079 (*fax*)
mja@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

DIRK H. BECKWITH (P35609)
Attorneys for Slyped Services, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

_____/

## PLAINTIFF'S RESPONSES TO
## DEFENDANT, SLYPED SERVICES, INC'S, AFFIRMATIVE DEFENSES

NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and in Response to Defendant, Slyped Services, Inc.'s, Affirmative Defenses, states as follows:

1.  In response to Paragraph 1 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

2.  In response to Paragraph 2 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

3.  In response to Paragraph 3 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

4.  In response to Paragraph 4 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

5.  In response to Paragraph 5 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

6.  In response to Paragraph 6 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

7.  In response to Paragraph 7 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

8.  In response to Paragraph 8 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

9.  In response to Paragraph 9 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

10. In response to Paragraph 10 of Defendant's Affirmative Defenses, Plaintiff denies the allegations and averments contained in said Paragraph.

11.   In response to Paragraph 11 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

12.   In response to Paragraph 12 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

13.   In response to Paragraph 13 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

14.   In response to Paragraph 14 of Defendant's Affirmative Defenses,

Plaintiff denies the allegations and averments contained in said Paragraph.

Respectfully Submitted,

**ROTHSTEIN LAW GROUP PLC**

/s/ Mario J. Azzopardi
MARIO J. AZZOPARDI (P46971)
Attorney for Plaintiff
19068 West Ten Mile Road
Southfield, MI 398075
(248) 355-2048

**PROOF OF SERVICE**

I hereby certify that on February 8, 2019, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the Court's e-filing system which will send notification of such filing to all counsel of record.

/s/ Michelle Dallas
Michelle Dallas

Dated: February 8, 2019

**STATE OF MICHIGAN**

**WAYNE COUNTY CIRCUIT COURT**

IRA ANDERSON,

                Plaintiff

-vs-

JOHN DOE and
SLYPED SERVICES, INC.,
a foreign profit corporation, and
CUBACOL TRANSPORT, LLC, a
Foreign Profit Corporation,

                Defendants.

Case No. 18-010364-NI
Judge David A. Groner

---

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-2048/(248) 355-2079 (*fax*)
mja@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

DIRK H. BECKWITH (P35609)
Attorneys for Slyped Services, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

---

## PLAINTIFF'S AMENDED ANSWERS AND RESPONSES TO SLYPED SERVICES, INC.'S INTERROGATORIES AND REQUESTS TO ADMIT TO IRA ANDERSON

    NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys,

ROTHSTEIN LAW GROUP PLC, and for his Amended Answers and Responses to Defendant,

SLYPED SERVICES, INC.'s Interrogatories and Requests to Admit states the following:

    These Interrogatories and Requests for Admissions are submitted pursuant to MCR 2.309

and 2.312, and the information sought must be given, whether secured by you, your agent,

Document received by the MI Wayne 3rd Circuit Court.

representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are stated. These Interrogatories and Requests for Admissions shall be deemed continuing, and supplemental answers shall be required immediately upon receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories and Requests for Admissions must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories and Requests for Admissions are served upon you.

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

Yes.

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

Yes.

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:

Plaintiff has suffered injuries which include but are not limited to his back, hips and legs, pain, suffering, mental anguish, anxiety and other non-economic damages. Due to his injuries, he has also incurred medical expenses and other No-Fault PIP benefits which are being addressed by AAA.

Please refer to Plaintiff's medical records for more specific details.

Document received by the MI Wayne 3rd Circuit Court.

**Interrogatory No. 4.**

Did Plaintiff undergo any surgical procedures as a result of the incident that allegedly occurred on July 7, 2018? If so, describe the surgical procedures Plaintiff underwent.

ANSWER:

No, not as of this date.

**Interrogatory No. 5.**

Did Plaintiff seek any medical treatment as a result of the incident that allegedly occurred on July 7, 2018? If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

ANSWER:

Yes, he has and continues to do so. Plaintiff's medical bills have been submitted to his No-Fault PIP carrier and/or his health insurance carrier and he is not certain at this time what the amount of the corresponding medical bills may be.

**Interrogatory No. 6.**

Did Plaintiff allegedly miss any time from work as a result of the incident that allegedly occurred on July 7, 2018? If so, what is the total amount of Plaintiff's lost wages incurred to date and when did Plaintiff return to work?

ANSWER:

No, I was retired from Ford Motor Company already.

**Request to Admit No. 1.**

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

ANSWER:

Document received by the MI Wayne 3rd Circuit Court.

Plaintiff objects to this request as it improperly addresses plaintiff, Mr. ANDERSON, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff admits.

Request to Admit No. 2.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

ANSWER:

Plaintiff objects to this request as it improperly addresses plaintiff, Mr. ANDERSON, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff Denies.

FOSTER SWIFT COLLINS & SMITH PC

By:_____
    Dirk H. Beckwith (P35609)
    Attorneys for Slyped Services, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated: February 8, 2019

Document received by the MI Wayne 3rd Circuit Court.

2 - 8 - 19
_____
Date

_____
Ira Anderson

Respectfully submitted,

**ROTHSTEIN LAW GROUP PLC**

Attorney signs as to Objections only.

/s/Mario J. Azzopardi
_____
MARIO J. AZZOPARDI (P46971)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075
(248) 355-2048/(248) 355-2079 (*fax*)
mja@rothsteinlawgroup.com

---

**PROOF OF SERVICE**

The undersigned certifies that on 02/ 22 /2019, a copy of the foregoing document was served upon the attorneys of record of all parties to the above cause via email and first class U.S. Mail at their respective business addresses as disclosed by the pleadings of record herein.

/s/Mario J. Azzopardi
Mario J. Azzopardi

---

Dated:  February 8, 2019

Document received by the MI Wayne 3rd Circuit Court.

18-010364-NI FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/19/2019 8:00 AM   Carlita McMiller

# STATE OF MICHIGAN

## WAYNE COUNTY CIRCUIT COURT

IRA ANDERSON,

Plaintiff

-vs-

JOHN DOE and
SLYPED SERVICES, INC.,
a foreign profit corporation, and
CUBACOL TRANSPORT, LLC, a
Foreign Profit Corporation,

Defendants.

Case No. 18-010364-NI
Judge David A. Groner

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Attorneys for Plaintiff
19068 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-2048/(248) 355-2079 (*fax*)
mja@rothsteinlawgroup.com
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

DIRK H. BECKWITH (P35609)
Attorneys for Slyped Services, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

## PLAINTIFF'S ANSWERS AND RESPONSES TO SLYPED SERVICES, INC.'S INTERROGATORIES AND REQUESTS TO ADMIT TO IRA ANDERSON

NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys, ROTHSTEIN LAW GROUP PLC, and for his Answers and Responses to Defendant, SLYPED SERVICES, INC.'s Interrogatories and Requests to Admit states the following:

These Interrogatories and Requests for Admissions are submitted pursuant to MCR 2.309 and 2.312, and the information sought must be given, whether secured by you, your agent,

representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are stated. These Interrogatories and Requests for Admissions shall be deemed continuing, and supplemental answers shall be required immediately upon receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories and Requests for Admissions must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories and Requests for Admissions are served upon you.

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

Yes.

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

Yes.

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:

Plaintiff has suffered injuries which include but are not limited to his back, hips and legs, pain, suffering, mental anguish, anxiety and other non-economic damages. Due to his injuries, he has also incurred medical expenses and other No-Fault PIP benefits which are being addressed by AAA.

Please refer to Plaintiff's medical records for more specific details.

### Interrogatory No. 4.

Did Plaintiff undergo any surgical procedures as a result of the incident that allegedly occurred on July 7, 2018?  If so, describe the surgical procedures Plaintiff underwent.

ANSWER:

No, not as of this date.

### Interrogatory No. 5.

Did Plaintiff seek any medical treatment as a result of the incident that allegedly occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

ANSWER:

Yes, he has and continues to do so.  Plaintiff's medical bills have been submitted to his No-Fault PIP carrier and/or his health insurance carrier and he is not certain at this time what the amount of the corresponding medical bills may be.

### Interrogatory No. 6.

Did Plaintiff allegedly miss any time from work as a result of the incident that allegedly occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's lost wages incurred to date and when did Plaintiff return to work?

ANSWER:

No, I was retired from Ford Motor Company already.

### Request to Admit No. 1.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

ANSWER:

Plaintiff objects to this request as it improperly addresses plaintiff, Mr. ANDERSON, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff admits.

Request to Admit No. 2.

Admit Plaintiff claims she sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

ANSWER:

Plaintiff objects to this request as it improperly addresses plaintiff, Mr. ANDERSON, as "she". However, without waiving any stated or potential objections and in the spirit of cooperative discovery, Plaintiff Denies.


FOSTER SWIFT COLLINS & SMITH PC

By:_____
　　　Dirk H. Beckwith (P35609)
　　　Attorneys for Slyped Services, Inc.
　　　28411 Northwestern Highway, Suite 500
　　　Southfield, Michigan 48034
　　　248.539.9918
　　　dbeckwith@fosterswift.com

Dated: February 8, 2019

_____

Date

Attorney signs as to Objections only.

Ira Anderson

Respectfully submitted,

**ROTHSTEIN LAW GROUP PLC**

/s/Mario J. Azzopardi
MARIO J. AZZOPARDI (P46971)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075
(248) 355-2048/(248) 355-2079 (fax)
mja@rothsteinlawgroup.com

## PROOF OF SERVICE

The undersigned certifies that on 02/18/2019, a copy of the foregoing document was served upon the attorneys of record of all parties to the above cause, via email and first class U.S. Mail at their respective business addresses as disclosed by the pleadings of record herein.

Dated: February 8, 2019