EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

        Plaintiff,

CASE NO. 18-    -NI
HON.

v.

JOHN DOE, and SLYPED SERVICES, INC.,
A Foreign Profit Corporation,

        Defendants.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Rothstein Law Group, PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248)355-2079 fax
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com

_____/

There is no other pending or resolved civil action arising out of the same
transaction or occurrence as alleged in this Complaint.

/s/ Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, IRA ANDERSON, by and through his attorneys,

ROTHSTEIN LAW GROUP PLC, and in support of his Complaint against the Defendants,

shows unto this Honorable Court as follows:

## GENERAL ALLEGATIONS

1.    That Plaintiff, IRA ANDERSON, was at all times relevant herein, a resident of

the City of Detroit, County of Wayne, State of Michigan.

Document received by the MI Wayne 3rd Circuit Court

2.     That on or about May 2, 2017, Plaintiff, IRA ANDERSON, was involved in a motor vehicle accident in the City of Detroit, County of Wayne, State of Michigan.

3.     That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was an employee of Defendant, SLYPED SERVICES, INC, (hereinafter referred to as SLYPED).

4.     That based upon information and belief, Defendant, SLYPED, was at all relevant times hereto, a Foreign Profit Corporation, conducting a regular portion of its business in the County of Wayne, State of Michigan, and JOHN DOE was the operator of the truck owned by Defendant, SLYPED.

5.     That based upon information and belief, Defendant, SLYPED's resident agent is Puentes Pedro located at 4630 NW 102 ND Avenue, Apt 106, City of Doral, State of Florida.

6.     That the amount in controversy herein exceeds the sum of Twenty Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

## COUNT I – NEGLIGENCE BY DEFENDANT JOHN DOE

7.     Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 6 of the Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

8.     That based upon information and belief, Defendant, JOHN DOE, at all times relevant herein, was the operator of a motor vehicle, identified as a Blue 2009 Freightliner Cascadia Tractor Truck bearing a Vehicle Identification No. 1FUJGLCK29LAE2140 and Vehicle Registration No. AA31DC (hereinafter sometimes referred to as "Defendant's vehicle") and was responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

2

9. On or about May 2, 2017, Plaintiff was the driver of a motor vehicle identified as a 2007 White Pontiac Grand Prix, bearing a Vehicle Identification No.2G2WP552471205479 and Vehicle Registration No. BTT6851 (hereinafter sometimes referred to as "Plaintiff's vehicle"), and while traveling on Schaefer Road at or near the intersection of Schaefer Road and Fort Street, Defendant, JOHN DOE, suddenly attempted to make a left turn from the right lane and collided with Plaintiff's vehicle, dragging it to the left, causing a motor vehicle accident.

10. That at all times relevant and material hereto, it was the duty of the Defendant to operate Defendant's vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the laws of the State of Michigan and all subdivisions thereof having jurisdiction.

11. That contrary to the duties set forth above and below, the Defendant, JOHN DOE, was negligent, careless, reckless, and/or guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, including, by way of illustration and not limitation:

    a. Failing to operate Defendant's vehicle in a reasonably careful and prudent manner, and failing to keep Defendant's vehicle under control so as to avoid a collision with another vehicle;

    b. Failing to operate Defendant's vehicle at a speed which was reasonable and proper and within consideration for the then-existing conditions;

    c. Operating a vehicle at an excessive speed in violation of statutes and ordinances having jurisdiction;

3

d.     Driving Defendant's vehicle carelessly and heedlessly in willful disregard for the safety of others, without due caution and circumspection, so as to endanger persons and property;

e.     Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid a motor vehicle collision;

f.     Failing to stop within the assured clear distance ahead;

g.     Failing to yield the right of way to Plaintiff's vehicle;

h.     Operating a motor vehicle while distracted;

i.     Failing to stay in the proper lane of traveling;

j.     Committing other acts and/or omissions which constitute breaches of duties owed to Plaintiff with respect to the operation of a motor vehicle, which Plaintiff reserves the right to add at a later date.

12.     That in the happening of the aforesaid accident, Plaintiff was not negligent, but was at all times conducting himself in a reasonable and prudent manner.

13.     That as a direct and proximate result of the aforementioned breaches of duties and the negligence of the Defendant, the Defendant caused a motor vehicle collision of great force and impact, causing Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements.

14.     That as a direct and proximate result of the aforementioned negligence and breaches of duties of the Defendant, Plaintiff, IRA ANDERSON, was made to suffer serious and disabling injuries; including but not limited to injuries to his back, hip(s), and leg(s), as well as

4

other serious and disabling injuries, and aggravation of injuries the complete nature and extent of which is not completely known at this time.

15. That as a direct result of the aforementioned collision, Plaintiff suffered, continues to suffer, and will likely in the future continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

16. That prior to the accident, Plaintiff was in reasonably good health and was able to and did participate in and enjoy the usual activities of life, but since said accident, Plaintiff has been under medical and in a state of pain, stress and discomfort, all preventing him from engaging in many of those activities he engaged in prior to the accident.

17. That as a direct and proximate result of the motor vehicle accident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment and attention and will likely require extensive medical treatment in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant, JOHN DOE, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

### COUNT II – OWNERS LIABILITY (Against SLYPED)

18. Plaintiff herein incorporates by reference and re-alleges Paragraphs 1 through 17 of the Allegations of this Complaint and with the same force and effect as if same were set forth in full hereunder, and further states:

19. That at all times relevant hereto, the vehicle being driven by JOHN DOE was owned/co-owned and/or leased/co-leased by Defendant, SLYPED.

5

20.     That at all times relevant hereto, the vehicle being driven by JOHN DOE was being operated with the express and/or implied consent and knowledge of Defendant-owner/co-owner and/or lessee/co-lessee, SLYPED.

21.     That Defendant, SLYPED, is responsible for all damages sustained by the Plaintiff in this matter as hereinbefore or hereinafter alleged which were caused as a result of the negligent operation of the said motor vehicle by JOHN DOE pursuant to MCLA 257.401 et. seq., as amended, and other applicable statutes and the common law of the State of Michigan governing owner's liability for the negligent operation of motor vehicles.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant judgment in favor of the Plaintiff against the Defendant, SLYPED, for whatever amount to which Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT III: RESPONDEAT SUPERIOR AS TO DEFENDANT SLYPED

22.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 21 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

23.     That on or about May 2, 2017, Defendant, JOHN DOE, was a driver, employee, and otherwise an agent of Defendant, SLYPED.

24.     That on or about May 2, 2017, Defendant, SLYPED knew or should have known that the Defendant, JOHN DOE, was acting within the scope of his employment at SLYPED.

25.     That on or about May 2, 2017, and at the time of the aforesaid accident Defendant, JOHN DOE, was acting in the course of his employment for Defendant, SLYPED, and during the course of his regular duties for said Defendant.

26.     That Defendant, SLYPED, is liable for the negligence of Defendant, JOHN DOE, its truck driver, employee and/or agent, pursuant to the Doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendant in whatever amount this Honorable Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

## COUNT IV: NEGLIGENT TRAINING, SUPERVISION, and HIRING AS TO DEFENDANT, SLYPED

27.     Plaintiff herein re-incorporates and re-alleges Paragraphs 1 through 26 of the previous Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

28.     That on or about May 2, 2017, Defendant, SLYPED was the employer of Defendant, JOHN DOE.

29.     That on or about May 2, 2017, Defendant, SLYPED, was responsible for hiring, supervising, instructing and employing truck drivers, more specifically Defendant, JOHN DOE, to work in the capacity of driving while lawfully operating its motor vehicle(s) and Defendant, SLYPED, was otherwise in control and/or co-control of said motor vehicle, property, truck drivers, employees and authorized agents of SLYPED.

30.     That on or about May 2, 2017, Defendant, JOHN DOE, was lawfully operating Defendant's vehicle as a truck driver, employee, and/or agent acting within the scope and course of his employment and hired by Defendant, SLYPED.

31.     That at all times relevant and material hereto, it was the duty of Defendant, SLYPED, to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees and authorized agents who are lawfully operating Defendant's vehicles.

7

32.   That Defendant, SLYPED, breached its afore-stated duties to provide and maintain reasonably trained, instructed and/or supervised truck drivers, employees, and authorized agents by failing to reasonably hire, train, instruct, supervise and manage qualified and safe individuals and/or reasonably screen potential applicants for employment at SLYPED, including but not limited to Defendant, JOHN DOE.

33.   That Defendant, SLYPED, knew or should have known that Defendant, JOHN DOE, was not properly trained, instructed, and/or supervised to operate Defendant's vehicle(s) and was otherwise an individual who should not be driving Defendant's motor vehicle.

34.   That Defendant, SLYPED, was negligent in and breached the following duties by way of illustration but not limitation:

a.   Negligently hiring Defendant, JOHN DOE, without proper training and/or instruction;

b.   Failing to properly supervise Defendant, JOHN DOE, and other drivers, employees and/or agents while working and/or during the scope and course of their employment with Defendant, SLYPED;

c.   Failing to properly train and/or instruct Defendant, JOHN DOE, and other drivers, employees and/or agents in the safe operation of Defendant's vehicle(s) while in the course of employment with Defendant, SLYPED;

d.   Failing to take reasonable precautions to prevent injuries such as those incurred by Plaintiff;

e.   Committing other acts of negligence which will be ascertained through the course of discovery in said litigation.

35.   That in the happening of the afore-stated incident, Plaintiff was not negligent, but rather Plaintiff's injuries were the sole, direct and proximate result of Defendant, SLYPED's,

negligence and the negligence of its drivers, employees and agents during the scope and course of employment with Defendant, SLYPED.

36.     That as a direct and proximate result of Defendants' negligence, Plaintiff, IRA ANDERSON, suffered severe and debilitating injuries, including but not limited to injury to his muscles, ligaments, nerves and nervous system, including injury to his hip(s), back, leg(s), and as well as other serious and disabling injuries including potential aggravation of pre-existing conditions and other parts of his body.

37.     That as a direct and proximate result of the said incident, Plaintiff suffered severe embarrassment, distress, discomfort, inconvenience, mental anguish, pain and suffering; and Plaintiff has incurred significant doctor bills, medical bills and/or hospital bills and will likely continue to do so in the future.

38.     That, additionally, because of the nature of said injuries, Plaintiff was and continues to be unable to participate in many of the activities of life in which he was able to indulge in prior to said injuries.

WHEREFORE, the Plaintiff prays for judgment in favor of the Plaintiff and against the Defendant, SLYPED, in whatever amount this Court deems Plaintiff is entitled, together with interest, costs and reasonable attorney fees.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Lawrence R. Rothstein
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075-2401
(248) 355-2048

Dated:  August 21, 2018

9

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IRA ANDERSON,

        Plaintiff,

v.

JOHN DOE, and SLYPED SERVICES, INC..
A Foreign Profit Corporation,

        Defendants.
_____/

CASE NO. 18-    -NI
HON.

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
MARIO J. AZZOPARDI (P46971)
Rothstein Law Group, PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048/(248)355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
mja@rothsteinlawgroup.com
_____/

### DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff herein, by and through his attorneys, ROTHSTEIN LAW

GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the

captioned matter.

        Respectfully submitted,

        ROTHSTEIN LAW GROUP PLC

        /s/ Lawrence R. Rothstein
        LAWRENCE R. ROTHSTEIN (P19697)
        Attorney for Plaintiff
        19068 W. Ten Mile Road
        Southfield, MI 48075-2401
Dated: August 21, 2018        (248) 355-2048